﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 191213-113074
DATE: January 29, 2021

ORDER

Entitlement to nonservice-connected burial benefits is granted.

FINDINGS OF FACT

1. In March 2019, the Veteran died at the Appellant’s home; she notified VA of his death that same month. 

2. In March 2019, prior to his death, the Veteran filed a claim for pension benefits, which remained pending at the time of his death.

3. VA received the Appellant’s application for nonservice-connected burial benefits in April 2019.

4. The Veteran was not receiving any VA compensation or pension benefits when he died.

5. The Veteran was not discharged from service due to a disability incurred or aggravated in the line of duty.

6. The Appellant claimed the Veteran’s body, and the Appellant paid burial expenses.

7. The Veteran did not die while admitted to a VA facility for hospital, nursing home, or domiciliary care, or while admitted or traveling to a non-VA facility at VA expense for the purpose of examination, treatment, or care.

CONCLUSION OF LAW

The criteria for entitlement to nonservice-connected burial benefits have been met. 38 U.S.C. §§ 2302, 2303; 38 C.F.R. §§ 3.1700-3.1713.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Army from January 1963 to January 1966. The Veteran died March 27, 2019, and the Appellant is his niece. 

The Board notes that the decision on appeal was issued in September 2019, which denied the Appellant’s claim for nonservice-connected burial benefits. The Appellant timely appealed this decision to the Board in October 2019 and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ) under the modernized appeal system. The Board has therefore considered the evidence of record submitted prior to notification of the decision with respect to the claim decided therein.

Entitlement to nonservice-connected burial benefits is granted.

The Veteran died in March 2019 and the Appellant filed her claim for burial benefits in April 2019. The Appellant asserts entitlement to burial benefits to recoup the costs of the Veteran’s burial expenses. 

Claims for a burial allowance may be executed only by “[t]he individual whose personal funds were used to pay burial, funeral, and transportation expenses.” 38 C.F.R. § 3.1702 (b)(3). Here, the Appellant indicated that she incurred expenses for the Veteran’s burial or internment on the claim for burial benefits.

The Veteran died at the Appellant’s home in March 2019. When he died, VA had not service connected him for any disability nor was it paying him nonservice-connected pension benefits. Additionally, the Veteran’s death is not service connected. Thus, only the nonservice-connected burial benefits regulations are for potential application and service-connected burial benefits are not warranted.

In addition, in her application for burial benefits, the Appellant expressly stated that she was only claiming entitlement to nonservice-connected burial benefits. Where a veteran’s death is not service connected, a burial allowance to cover the burial and funeral expenses, as well as the expense of transporting the body to the place of burial may be payable, but only under certain circumstances. 38 U.S.C. § 2302 (a); 38 C.F.R. § 3.1705.

Specifically, if the cause of a veteran’s death is not service connected, entitlement is based upon the following conditions: at the time of death, the veteran was in receipt of pension or compensation (or but for the receipt of military retirement pay would have been in receipt of compensation); or, the veteran had an original claim for either benefit pending at the time of his death for which there was evidence available on the date of death to support the award for compensation or pension or, in the case of a reopened claim, there was sufficient prima facie evidence of record on the date of death to show entitlement; or, the deceased was a veteran of any war or was discharged or released from active military, naval, or air service for a disability incurred or aggravated in line of duty, and there is no next of kin and the veteran’s estate funds are insufficient to cover expenses. See 38 U.S.C. § 2302 (a); 38 C.F.R. §§ 3.1705 (b), (e); 3.1708(b), (c). 

Alternatively, a burial allowance may be paid if a veteran died from nonservice-connected causes while properly admitted to a VA facility or hospital, nursing home, or domiciliary care; or while admitted or traveling to a non-VA facility with prior authorization and at VA expense for the purpose of examination, treatment, or care. See 38 U.S.C. § 2303 (a); 38 C.F.R. § 3.1706 (b), (d). 

When VA facilities or other government facilities are not capable of furnishing economical hospital care or medical services because of geographic inaccessibility or are not capable of furnishing care or services required, VA may authorize or contract with non-VA facilities for care. 38 U.S.C. § 1703. According to 38 U.S.C. § 1701 (4), the term “non-Department facilities” means facilities other than Department facilities.

At the time of his death, as previously noted, the Veteran was not receiving any VA compensation or pension benefits. Furthermore, he was not shown to have been discharged or released from active service for a disability incurred or aggravated in the line of duty nor was his body held by a State. Furthermore, there is no evidence that he was admitted to a VA facility or hospital, nursing home, or domiciliary care; or while admitted or traveling to a non-VA facility with prior authorization and at VA expense for the purpose of examination, treatment, or care. 

However, the record does reflect that prior to his death, in March 2019, the Veteran filed for VA pension benefits. His claim was pending at the time of his death and it appears that there was evidence available on the date of his death to support the award for pension (the Veteran received an honorable discharge, the Veteran’s financial statements were of record, the Veteran served during the Vietnam Era for at least 90 days from 1963 to 1966, and was over 65 years of age). Thus, the Board concludes that at the time of death, the Veteran had an original claim for pension pending for which there was evidence available on the date of death to support the award. Accordingly, the criteria for nonservice-connected burial benefits are met. See C.F.R. § 3.1706(b).

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Unger, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.